# IN THE COURT OF APPEALS OF IOWA

No. 18-1959
Filed January 23, 2019

**IN THE INTEREST OF A.K.,**
**Minor Child,**

**J.T., Mother,**
     Appellant,

**J.K., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Clayton County, Linnea M.N. Nicol, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their now two-year-old daughter. **AFFIRMED ON BOTH APPEALS.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant mother.

Cory R. Gonzales, Strawberry Point, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Kimberly S. Lange of Kimberly S. Lange Law Office, Edgewood, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

The juvenile court granted the State's petition to terminate the parental rights of Jennifer and John to their younger daughter, A.K, but dismissed the petition to terminate their rights to their older daughter, P.K.[1] Jennifer and John both appeal, seeking to preserve their relationship with now two-year-old A.K. Each raise the same two claims: (1) the State failed to offer clear-and-convincing proof A.K. could not be returned home, and (2) termination was not in A.K.'s best interest because of the closeness of the parent-child relationship. After our independent review of the record, we reach the same conclusion as the juvenile court.[2] The parents did not show adequate progress in supervised visitation or random drug testing to ensure A.K. could be safely returned to their care. In addition, A.K.'s bond with her parents was not a reason to forego termination. Accordingly, we affirm the termination order.

## I.     Facts and Prior Proceedings

A.K. was born in January 2017. Five months later, her family came to the attention of the Iowa Department of Human Services (DHS) when allegations Jennifer and John were using methamphetamine in the presence of A.K. and P.K. surfaced. As a result of the exposure, A.K. tested positive for the drug in her

---

[1] The State's petition regarding four-year-old P.K. sought termination only under Iowa Code section 232.116(1)(e), which requires proof the parents have not maintained "significant and meaningful contact" with the child during the preceding six months. The juvenile court did not believe the State satisfied its burden, stating: "While the parents' efforts have not been sufficient to remedy the fear of adjudicatory harm if the children were returned to their care, the parents have made some efforts to regain the custody of [P.K.]."

[2] We review child-welfare actions de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We uphold an order terminating parental rights if the record contains clear and convincing evidence to support the statutory grounds. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is clear and convincing when it leaves us with no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence. *Id.*

system. The DHS also learned John struck Jennifer in the presence of the children. The State charged John with domestic abuse assault, and the criminal court imposed a no-contact order. In June 2017, the juvenile court approved removal of the children from their home. They were placed in family foster care. The juvenile court adjudicated A.K. and P.K. as children in need of assistance (CINA) in July 2017.

Despite being told it was an expectation of the DHS case permanency plan, neither parent obtained substance-abuse or mental-health evaluations before the October 2017 dispositional hearing. John completed a dual substance abuse evaluation in February 2018; Jennifer finished the assessments in March 2018. Neither parent complied with random drug testing. And both parents missed numerous scheduled interactions with their children. By the March review hearing, both Jennifer and John faced criminal charges. The State charged them with felony possession of stolen property and accused John of selling methamphetamine to an undercover police officer. In late March, the State filed its petition to terminate parental rights.

The juvenile court held a joint hearing on contested permanency and termination of parental rights in late July 2018. The DHS social worker and Families First service provider both testified for the State. The court also heard from Jennifer and John, who resisted termination. In early November, the court issued its order terminating the parents' legal relationship with A.K. under Iowa Code section 232.116(1)(h) (2018).

II.    Analysis

**A.  Proof of Statutory Elements and Request for More Time**

The parents first challenge the statutory basis for termination.  Under paragraph (h), the court may terminate the rights of a parent if the child: (1) is three years old or younger, (2) has been adjudicated a CINA under section 232.96, (3) has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) the record contains clear and convincing evidence the child cannot be returned to the custody of the parent as provided in section 232.102 "at the present time."  Iowa Code § 232.116(1)(h); *see also D.W.*, 791 N.W.2d at 707 (interpreting "at the present time" to mean "at the time of the termination hearing").  The parents focus on the fourth element.

John argues "any issue of physical abuse" had been resolved[3] and he had stable housing with his mother.  He contends the State did not present "substantial evidence" that he "was in fact using illegal drugs or was under the influence of any substances" during the CINA case.  Jennifer similarly contends she had "stable housing and income" and "no substantial evidence [was] presented during the pendency of these proceedings to indicate that [she] has been or is using illegal drugs or under their influence."  She highlights "three clean drug tests" she provided to the DHS.  Both parents insist they have maintained "significant and

---

[3] Despite this argument, John acknowledged at the termination hearing that he had not yet enrolled in the Iowa Domestic Abuse Program after pleading guilty to assaulting Jennifer.

meaningful contact" with A.K.[4]  In the alternative, both parents argue the juvenile court erred in not granting them additional time to work toward reunification.

Despite their rosy assessments on appeal, the parents did not fulfill the DHS expectations regarding drug testing.  The DHS requested Jennifer take sixteen random tests, and she attended only three; the DHS asked John to submit to twenty drug tests, and he attended only two.  Neither parent complied with the DHS requests for hair stat testing—Jennifer testified at the termination hearing she had a religious objection to cutting her hair.  But the district court found her testimony incredible.  Without random drug testing, the case workers were rightly concerned the parents were not addressing their methamphetamine use.  Our supreme court has recognized an unresolved drug addiction can render a parent unfit to raise children.  *In re A.B.,* 815 N.W.2d 764, 776 (Iowa 2012).

The parents were also inconsistent in attending meetings scheduled by their Families First service provider.  And they acquired new criminal charges during the CINA case.  Given all of these circumstances, we do not believe A.K. could be safely returned to the care of either parent.  *See In re M.W.*, 876 N.W.2d 212, 223 (Iowa 2016) (upholding termination under paragraph (h) where parent continued "to make decisions without thinking of the impact on her children").

To continue placement for an additional six months, Iowa Code section 232.104(2)(b) requires the juvenile court to determine the need for removal will no longer exist at the end of the extension.  In considering such a delay, the court must bear in mind "if the plan fails, all extended time must be subtracted from an

---

[4] This phrase described is an element of paragraph (e), which was not the ground for termination alleged in A.K.'s case.  *See* Iowa Code § 232.116(1)(e).

already shortened life for the children in a better home." *See In re A.A.G.*, 708 N.W.2d 85, 92-93 (Iowa Ct. App. 2005). We do not favor an extension in this case. The parents squandered much of the time they had to reunify by not cooperating with the DHS services.

## B. Best Interests and Closeness of Relationship

Jennifer and John challenge whether the termination of their parental rights was in A.K.'s best interests. They conflate their best-interests argument with the permissive factors weighing against termination. *Compare* Iowa Code § 232.116(2) (best interests), *with id.* § 232.116(3) (permissive factors). John maintains he created a strong bond with A.K. "early in life and the bond was maintained through the court proceeding during visitations and interactions John had with his child." *See id.* § 232.116(3)(c) (allowing court to forego termination when it would be detrimental to the child due to the closeness of the parent-child relationship). Similarly, Jennifer argues severing her bond with A.K. would be "detrimental to A.K.'s emotional health."

The juvenile court was not convinced the parents held a deep connection with A.K. The court wrote

> The bond between the child and the child's parents is described as weak. [A.K.] has been removed from the custody of her parents at approximately five months old. The child has been out of the home of her parents for three quarters of her short lifetime. The child knows her parents as people she goes to visit.

We defer to the juvenile court's fact finding on this issue of credibility. *See In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012).

As a final point, both parents try to capitalize on A.K.'s relationship with her sister P.K. Jennifer contends termination was not in A.K.'s best interests because

the juvenile court dismissed the termination petition concerning P.K.  John adds more punch, asserting, "Clearly separation of the child from both her parents and her ONLY sibling would not be in her best interest."

Undeniably, we recognize an interest in keeping siblings together.  *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994).  But the juvenile court's conclusion the State failed to offer clear and convincing evidence to terminate on the ground alleged in its petition concerning P.K. does not inevitably mean the sisters will be separated.  Our record does not show dismissal of the termination petition in P.K.'s case would change the placement of the siblings in their foster home.  Accordingly, we do not consider P.K.'s ongoing CINA case as a factor weighing against termination in A.K.'s case.

**AFFIRMED ON BOTH APPEALS.**